WILLIAM GROOMS *v.* STATE OF ARKANSAS

5597                                472 S.W. 2d 724

Opinion delivered November 8, 1971

*Harold C. Rains, Jr.,* for appellant.

*Ray Thornton,* Attorney General; *Garner L. Taylor, Jr.,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was convicted by a jury of the alleged crimes of burglary and grand larceny and his punishment was left to the court. The court imposed a sentence of 10 years imprisonment in the State Penitentiary for burglary and suspended a 15-year sentence for grand larceny. A codefendant who received a 5-year and a 10-year sentence (the latter suspended) does not appeal.

Appellant contends for reversal, through his court-appointed trial counsel, that the court erred in allowing the cross-implicating confession of appellant's codefendant to be narrated to the jury. In this narration the jury was told that the declarant admitted in detail the alleged offenses and equally cross-implicated the appel-

lant. Neither the declarant nor the appellant testified. We hold that the admission of the cross-implicating confession was prejudicial error. *Mosby & Williamson* v. *State*, 246 Ark. 963, 440 S. W. 2d 230 (1969); *Byrd, James & Strickland* v. *State*, 251 Ark. 149, 471 S. W. 2d 350 (1971). See, also, *Bruton* v. *United States*, 391 U. S. 123 (1968). In those cases it was recognized that, in the circumstances, it was no longer permissible to allow cross-implicating confessions in a joint trial. This procedure impinges upon the basic and fundamental right of a defendant to be confronted from the witness stand by his adverse witness with the accompanying right of cross-examination as is guaranteed by the federal Sixth Amendment. Neither could the prejudicial effect of a violation of this constitutional right be removed by a cautionary instruction to the jury that it should not consider as evidence the admission of a confessor against a codefendant. It was further recognized in those cases that the problems which might arise from cross-implicating admissions could be resolved by deleting offending portions which refer to a codefendant. Otherwise, the court should grant separate trials.

We cannot agree with the State that a waiver of this basic constitutional right existed in the case at bar. A *Denno* hearing was held in chambers to determine the voluntariness of appellant's codefendant's (Kenneth Harness) confession. The court held it was voluntary and in doing so, the following transpired:

MR. RAINES: If the court please, any statement that Harness made will not be admissible against Mr. Groom.

THE COURT: Now, that is correct. The Court understands that any statement made was made by Harness.

In spite of this understanding, the State proceeded to present to the jury the codefendant's confession which detailed appellant's participation in the alleged offense.

After narrating the undeleted confession, which was

previously held as inadmissible against appellant, the officer-witness then testified as to the recovery of the property. Appellant objected to "all of this." The witness further testified, apart from the confession, about the market value of the stolen property, at which time appellant's counsel limited his cross-examination to the witness's personal knowledge of its value. Thereupon appellant's counsel asked the court to declare a mistrial on the basis that the cross-implicating confession was prejudicial to appellant and that a cautionary instruction would not remove the prejudicial effect upon the jury. The request for a mistrial was refused over appellant's objection and the court, at appellant's request, then gave the jury a cautionary instruction not to consider any portion of this statement which implicated the appellant. The cautionary instruction, as we previously indicated, did not remove the prejudicial effect of the cross-implicating confession.

In the circumstances, this limited cross-examination did not constitute a waiver of appellant's federal Sixth Amendment rights. This procedure cannot be construed as a deliberate bypass of our orderly court procedure. See *Henry* v. *State of Mississippi*, 379 U. S. 443 (1965); *Fay* v. *Noia*, 372 U. S. 391 (1963).

We find no merit in appellant's other contentions for reversal.

Reversed and remanded.