BILLY RAY PATRICK ET AL v. STATE OF ARKANSAS

CR 73-59                                   498 S.W. 2d 337

Opinion delivered September 4, 1973

*Robert F. Morehead,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. The appellants, Billy Ray Patrick, Lonnie Ray Randolph and James Jackson were convicted of burglary and grand larceny in connection with the burglary of Fong's Grocery Store in Eudora. Appellants attack the propriety of their confessions being admitted into evidence. Also, they contend that the trial court erred in admitting exhibits consisting of some dollar bills, silver certificates, quarter wrappers and an empty cartridge box, all of which purportedly came from the victim's safe.

The first point concerns the admissibility of Lonnie Ray Randolph's statement. It is pointed out that Randolph was incarcerated for five days; that the jail cell was leaky; that he was questioned several times by five officers; and that he was fifteen years of age at the time. No evidence was introduced that any of the recited circumstances contributed to coercion. Randolph's main argument is that the taking of a statement from a fifteen year-

old boy is violative of his constitutional rights. We have held to the contrary in a case involving a boy of the same age. In *Mosley* v. *State*, 246 Ark. 358, 438 S.W. 2d 311 (1969) we said:

> By the great weight of authority a minor is capable of making an admissible voluntary confession, there being no requirement that he have the advice of a parent, guardian, or other adult. The cases are anaylzed at length in *People* v. *Lara*, 62 Cal. Rptr. 586, 432 P. 2d 202 (1967), and need not be re-examined here.

Randolph also contends that no statement should have been taken from him because of his age. He cites Ark. Stat. Ann. § 45-224 (Repl. 1964). That statute provides that a person under eighteen years of age, who is arrested without a warrant, shall forthwith be taken before the county juvenile court and the case examined to determine whether he is dependent or neglected. That statute is directory and not mandatory. We have so held with respect to a similar statute, Ark. Stat. Ann. § 43-601 (Repl. 1964). That statute provides that any person arrested without a warrant shall be forthwith carried before a magistrate. We have held § 43-601 to be directory and not mandatory; further, we have many times recited that the failure to comply with that statute does not void a confession. *Moore* v. *State*, 229 Ark. 335, 315 S.W. 2d 907 (1958); *Paschal* v. *State*, 243 Ark. 329, 420 S.W. 2d 73 (1967).

All three appellants gave confessions. Those instruments were introduced in toto. Each confession implicated the other two appellants. Appellants argue here—and made it known in the trial court—that it was error to introduce cross-implicating confessions. (None of the appellants testified.) The point is well taken. We faced the same problem in *Mosby and Williamson* v. *State*, 246 Ark. 963, 440 S.W. 2d 230 (1969). There we said:

> It now appears that the use of the cross-implicating confessions in the case at bar is not permissible in a joint trial because of being in violation of the confrontation clause of the federal Sixth Amendment.

The answer to the problem seems to be to delete any offending portions of the admissions with reference to a codefendant, if such deletion is feasible and can be done without prejudice, or to grant separate trials.

To the same effect see *Byrd, et al* v. *State,* 251 Ark. 149, 471 S.W. 2d 350 (1971); *Grooms* v. *State,* 251 Ark. 374, 472 S.W. 2d 724 (1971).

Because of a possible second trial we treat one other point. That concerns the introduction by the State of some dollar bills, silver certificates, quarter wrappers, and an empty cartridge box. The dollar bills had an unusual fold so that they might fit into a very small Chinese envelope. The prosecuting witness identified the bills by the folds and we think that evidence was admissible. The silver certificates, quarter wrappers, and the empty cartridge box bore no particularly identifying marks and therefore should not have been introduced.

Reversed and remanded.