Milton JONES *v.* STATE of Arkansas

CR 88-5                                          752 S.W.2d 274

Supreme Court of Arkansas
Opinion delivered July 5, 1988

*John L. Kearney*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Milton Jones was convicted of the capital felony murder of Annie Bell Hall Killingsworth and sentenced to life imprisonment without parole. His contentions on appeal are meritless, and we uphold his conviction.

On July 31, 1986, Mrs. Killingsworth was murdered at her home in Pine Bluff, Arkansas. The evidence showed that she was smothered with a pillow. Jones was seen near Mrs. Killingsworth's house the night she was murdered with Roosevelt Ferguson, a friend of Jones's. Jones left town that night and was arrested in Kansas City, Missouri, several weeks later. He confessed to participating in the murder, claiming that Ferguson actually smothered the victim while he (Jones) held her arms down. According to Jones's confession, they took $10,000 from the house and divided it between them.

 On appeal, Jones argues first that the trial judge should have suppressed his confession because it was not voluntary, and second that there was insufficient evidence to support his conviction. Jones confessed to the crime at Pine Bluff on August 26, 1986. He testified at the suppression hearing that he was threatened and beaten, and that the voice on the tape recording confessing to the crime was not his. Two officers, who picked up Jones in Kansas City and interviewed him, disputed Jones's version of the events leading up to the confession, refuting each allegation directly. It was purely a question of credibility to be resolved by the trial court. We look at the totality of the circumstances to determine if a confession is voluntary, and we find nothing in this case which would warrant a finding that the trial court was wrong to admit Jones's confession into evidence.

*See Munnerlyn* v. *State*, 292 Ark. 467, 730 S.W.2d 895 (1987); *Wilkins* v. *State*, 292 Ark. 596, 731 S.W.2d 775 (1987).

■■ The evidence needed to support a conviction when there is a confession is merely evidence that the offense was committed by someone. *Fitzhugh* v. *State*, 293 Ark. 315, 737 S.W.2d 638 (1987). That evidence unquestionably existed in this case, and additional circumstantial evidence clearly points to Jones's guilt. His fingerprints were found in the victim's home, and he fled the state after the murder without picking up his paycheck or telling anyone where he was going.

In compliance with Rule 11(f) of the Rules of the Supreme Court, we have examined all objections decided adversely to the appellant and find none that involve prejudicial error.

Affirmed.