Howard W. JONES, Appellant,

v.

A.L. LOCKHART, Director, Arkansas
Department of Correction, Appellee.

No. 89–2523.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1991.

Decided Aug. 5, 1991.

Martin E. Lilly, Jonesboro, Ark. (J. Fletcher See III, Little Rock, Ark., on brief), for appellant.

J. Brent Standridge, Little Rock, Ark., for appellee.

Before McMILLIAN, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Howard Wayne Jones is before this court a second time appealing the district court's judgment denying habeas relief. We affirm the district court's judgment, but we remand for further proceedings.

This opinion assumes knowledge of the facts of this case as set out in *Jones v. Lockhart*, 851 F.2d 1115 (8th Cir.1988). In that case, this court affirmed the district court's denial of habeas relief without prejudice to a new petition based upon issues raised for the first time in that appeal. In this action, Jones raises those issues and an additional one. The new issue is raised for the first time in this appeal. The first of Jones' repeated claims is that trial counsel was ineffective for failing to investigate the validity of Jones' prior felony convictions and for conceding their validity. The second claim is that Jones' due process rights were violated because Jones was never given notice that his prior convictions would be used to enhance his sentence or that trial counsel would stipulate to those convictions. The claim new to this proceeding states that Jones' trial counsel was ineffective for giving incorrect advice to Jones on his eligibility to make parole.

We address the ineffective assistance claim first. The district court origi-

nally found that this claim was procedurally barred because Jones had failed to show cause as contained in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Petitioner then amended his claim to state that cause and prejudice need not be present because he met the actual innocence exception as contained in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). After the matter was remanded, a magistrate found that there was no evidence that Jones was actually innocent of the prior felonies which were used for sentence enhancement. The district court adopted those findings.

Jones' claim of actual innocence is premised upon his interpretation of one of the state statutes in effect when he was convicted of two of his prior felonies. The magistrate found that Jones had been convicted of five prior felonies and that Jones was represented by counsel at each conviction. The first two convictions were made in state circuit court when Jones was between fifteen and sixteen years of age. Jones claims that these two convictions may not be used to support the finding that he is an habitual offender. This is true, Jones argues, because those two convictions violated an applicable statute in the juvenile code then in force in Arkansas. The statute Jones refers to is Ark.Stat. Ann. § 45–224 (Repl.1964), *(repealed by* Arkansas Juvenile Code of 1975). The relevant text states,

When ... a child under the age of eighteen [18] years is arrested without a warrant, it shall be the duty of the officer making the arrest to take said child directly before the juvenile court of the county and it shall be the duty of the court, after having given the notice required by this act to proceed to examine said case and determine whether said child is a dependent or a delinquent child as defined by this act and deal with the same as herein provided, or it shall be within the discretion of the judge of the juvenile court to dismiss the cause therein pending and transfer such child to any of the courts of this State having jurisdiction of the offense of which said child may be found to be guilty....

Jones argues that his first two felony convictions are invalid for enhancement purposes because he was never taken to juvenile court before being convicted in circuit court, as he claims the statute requires. While this argument possesses some superficial logic, it is fallacious. To be incapable of supporting enhanced punishment, the convictions must be somehow invalid. A simple reading of the statute is insufficient to support a determination of the validity of a conviction made without strict adherence to the statute. Arkansas courts have addressed this issue.

In *Patrick v. State*, 255 Ark. 10, 498 S.W.2d 337 (1973), the Arkansas Supreme Court decided a case in which a fifteen year old boy was convicted in circuit court of burglary and grand larceny. When the youth claimed that his confession should not have been admitted at trial because he had never been taken before a juvenile judge, the court stated, "[Ark.Stat.Ann. § 45–224 (Repl.1964)] provides that a person under eighteen years of age, who is arrested without a warrant, shall forthwith be taken before the county juvenile court and the case examined to determine whether he is dependent or neglected. *That statute is directory and not mandatory.*" (Emphasis added.) *Id.* at 12, 498 S.W.2d at 338; *see also Cantrell v. Goldberger*, 256 Ark. 784, 510 S.W.2d 546 (1974). Because § 45–224 does not prevent a circuit court from convicting a fifteen year old youth without his first appearing in juvenile court, Jones' two earliest convictions are valid. They may therefore be used to support a finding that Jones is an habitual offender.

Our finding that Jones' earliest convictions are valid precludes the necessity of our addressing Jones' contention that his trial counsel was ineffective for failing to investigate the validity of the two convictions. Even if counsel was ineffective for failing to investigate the convictions, Jones suffered no prejudice from counsel's inactions.

■ Jones' due process claim fails also. The magistrate made a specific finding that

Jones pleaded guilty to the charges underlying this action, and that he understood that he was being charged as an habitual offender with at least four prior felony convictions. The magistrate further found that Jones acknowledged as much in a signed plea statement and his testimony at his state court postconviction hearing. Our review of the record convinces us that these findings of fact are not clearly erroneous. Jones' claim simply has no merit.

 Finally, Jones raises a new claim for the first time in this appeal. He claims that he should be granted habeas relief because his trial counsel was ineffective by giving incorrect advice on Jones' parole eligibility. Jones correctly notes that this court has held that misadvice on parole eligibility can constitute ineffective assistance of counsel. *Garmon v. Lockhart*, 938 F.2d 120 (8th Cir.1991); *Hale v. Lockhart*, 903 F.2d 545 (8th Cir.1990); *Hill v. Lockhart*, 894 F.2d 1009 (8th Cir.) (en banc), *cert. denied*, —— U.S. ——, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990). As each of these opinions notes, however, not every instance of misadvice as to parole eligibility will constitute ineffective assistance of counsel.

Jones admits that this issue is raised for the first time in this appeal, but claims that it should not be deemed procedurally barred because of the novelty of the claim. Jones points out that he filed his petition in 1988 while *Hill* was not decided until 1990. He further argues that denial of review of this claim would be fundamentally unfair or would result in injustice.

In light of the foregoing, we find that there is a possibility that the novelty of the misadvice claim might preclude Jones' claim from being procedurally barred. The existence of this action gives some indication of the likelihood that Jones will file a subsequent writ. To avoid any waste of time, expense, or judicial resources which would result from requiring Jones to file a completely new petition, Jones should be allowed to amend his petition so as to add this claim and resubmit the petition to the district court. *See Warden v. Caspari*, slip op. at 3, 923 F.2d 857 (table) (8th Cir. Dec. 3, 1990) (per curiam). Although we remand to allow amendment to the petition, we do so without any comment on the merits of the remanded issue. The district court should perform any procedures it deems advisable in disposing of this amended claim.

The judgment of the district court is therefore affirmed and the cause is remanded so as to allow the petitioner to amend the petition to include the issue raised for the first time on appeal. Nothing in this opinion is intended to affect Jones' parole eligibility, if any.