SLIP OPINION



Cite as 2013 Ark. 338

# SUPREME COURT OF ARKANSAS

No. CV-11-1152

| | |
|---|---|
| MILTON JASPER JONES<br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered September 19, 2013<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT,<br>40LCV-11-68, HON. JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 1987, appellant Milton Jasper Jones was found guilty by a jury of capital murder and sentenced to life imprisonment. We affirmed. *Jones v. State*, 296 Ark. 135, 752 S.W.2d 274 (1988). In 2009, this court denied appellant's petition to reinvest jurisdiction in the trial court to consider a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1987).

In 2011, appellant filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court, located in the county where he was in custody.[1] The petition consisted largely of a series of statements concerning state and federal law with allegations of error in appellant's trial interspersed throughout. The circuit court dismissed the petition, and appellant brings this appeal. We find no error and affirm the order.

A writ of habeas corpus is only proper when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447

---

[1]As of the date of this decision, appellant remains incarcerated in Lincoln County.

(per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence must plead either the facial invalidity or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for pursuing postconviction relief under Arkansas Rule of Criminal Procedure 37.1. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

Appellant raised a number of allegations in his petition, but in this appeal, his argument pertains only to the claim that the capital murder statute does not legally require life without parole as the only possible sentence when the death penalty is not sought by the State.[2] He contends that an automatic sentence of life without parole is illegal on its face and a violation of the United States and Arkansas constitutional prohibition of ex post facto laws.

The bases of appellant's arguments are unclear, but it is clear that appellant is raising claims of trial error that could have been addressed at trial. Assertions of trial error, including allegations of due-process violations, do not implicate the facial validity of the judgment-and-

---

[2]All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007)).

SLIP OPINION

commitment order or call into question the jurisdiction of the trial court, and those claims are not cognizable in a proceeding for the writ. *Murphy v. State*, 2013 Ark. 155 (per curiam); *see also Hooper v. Hobbs*, 2013 Ark. 31 (per curiam); *Girley*, 2012 Ark. 447; *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam).

Because his claims did not challenge the facial validity of the judgment and failed to demonstrate a lack of the trial court's jurisdiction, appellant did not establish a basis for the writ to issue. *See Culbertson v. State*, 2012 Ark. 112 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *Friend*, 364 Ark. 315, 219 S.W.3d 123; *see also McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (Due-process allegations are not cognizable in a habeas proceeding.). Accordingly, the circuit court did not err when it declined to issue a writ of habeas corpus to effect appellant's release from custody.

Affirmed.

*Milton Jasper Jones*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.