## Earnest HOUFF *v.* STATE of Arkansas

CR 79-203                                  593 S.W. 2d 39
Supreme Court of Arkansas
Opinion delivered February 4, 1980

*Christopher Thomas,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Houff was charged with having committed burglary on March 13, 1974. After a conviction and a reversal by this court (in an unpublished opinion), a negotiated plea of guilty was entered while Houff was being represented by a deputy public defender. At a hearing on March 3, 1978, the late Judge Kirby accepted the plea of guilty and imposed the recommended 20-year sentence, to run concurrently with a sentence that Houff was already serving in the Department of Correction. The judgment directed

that at least one third of the sentence be served before Houff would be eligible for parole.

Ten months later Houff filed the present petition for postconviction relief under Rule 37. His pleading and proof assert that his plea was involuntary in that he was assured by the judge, the prosecutor, and his own counsel that he would be required to serve only a third of his sentence before parole eligibility. He alleged, however, that the Department of Correction was requiring him to serve half his sentence before such eligibility. The question is whether the plea of guilty was voluntary and not the result of ineffective assistance of counsel, those being the only issues presented by this record. See *Irons* v. *State,* 267 Ark. 469, 591 S.W. 2d 650 (1980).

At the hearing below, the petitioner introduced the transcript of the hearing before Judge Kirby when he accepted Houff's plea of guilty. That transcript contains statements made by the court, by counsel, and by Houff, but it does not support Houff's contention that he was assured that he would have to serve only a third of his sentence before being eligible for parole. Houff testified at the Rule 37 hearing, however, that when his plea of guilty was accepted an unreported discussion took place in Judge Kirby's chambers. He said that the judge and the prosecuting attorney promised him that he would have to serve only a third of his sentence. Houff's most favorable statement of his position is set forth in this excerpt from his testimony at the Rule 37 hearing:

> Well, after they read the law—I didn't get a chance to read it. They read it. But Judge Kirby said it wasn't no way possible for me to be made to do one half of my sentence because he sentenced me to do one third. I said, Well, if this is the truth and you will guarantee me this will happen, then I will cop out to the plea bargain.

The trial judge, of course, was not compelled to accept Houff's version of what happened at the in-chambers hearing, and he did not accept it. In addition to the inherent unlikelihood that a circuit judge of Judge Kirby's experience

would "guarantee" that Houff would not have to serve half his sentence (which, incidentally, is quite a differennt thing from serving until parole eligibility), there are many circumstances indicating that no such assurance was given to Houff.

To begin with, Houff's verified petition mentions only the "Glover Act," which his testimony shows to be a reference to Act 93 of 1977. Ark. Stat. Ann. §§ 43-2828 to -2830 (Repl. 1977). That act provides (§ 43-2830) that it applies to felonies committed after April 1, 1977. Since the Houff burglary occurred in 1974, Judge Kirby could not have been in error if he said the Glover Act did not apply to Houff's sentence.

At the Rule 37 hearing Houff had with him an Inmate Manual printed by the Department of Correction. Houff referred to the manual in testifying. He implied, without saying so, that the court and counsel also looked at Act 1161 of 1975 during the in-chambers hearing. That act (§ 43-2807[c]) provides that a person who has previously been confined to the state penitentiary two or more times shall be eligible for parole after having served half his sentence. Houff, however, did not testify that he knew anything about Act 1161 when he pleaded guilty pursuant to the plea bargain, or that he told Judge Kirby that he had two or more previous confinements (a matter not reflected by the present record), or that Act 1161 was the reason he might be required to serve half his sentence to qualify for parole.

Thus there was an issue of fact whether Act 1161 was considered by Judge Kirby when he accepted Houff's plea of guilty and specified in his order that Houff should serve a third of the sentence before being eligible for parole. On this point the trial judge's oral finding at the conclusion of the Rule 37 hearing is supported by ample evidence:

> [T]he Court finds absolutely no difference between what the Defendant wants done and what the Court did. The question of whether or not one of these parole statutes applies is absent in the record. It was absent to the Defendant at the time. It was absent to the Court at

the time. The Court, the lawyers and the Defendant were not privy to it. The Court, the lawyers and the Defendant did not take it into consideration, either one of them or both of them. And the Defendant got a twenty-year sentence which he bargained for and the Court ordered him to serve one-third of it. And the Court finds as a matter of fact that if there is any difference with what the Defendant got it is merely the way the Department of Correction is computing it and his cause of action is against the Department of Correction and not in this proceeding under Rule 37.

(Rule 37 requires that the court's findings be in writing, but there was no objection to the absence of written findings. It would be pointless to send the case back to allow the judge to reduce to writing the very findings that are contained in the transcript. See *Cunningham* v. *Chamblin,* 227 Ark. 389, 299 S.W. 2d 89 [1957].)

The appellant also argues a subordinate second point for reversal, that the court should have allowed appellant's attorney to obtain and file the affidavits of three bystanders to corroborate Houff's testimony about what happened at the in-chambers hearing before Judge Kirby. We find no abuse of discretion for either of the reasons stated by the trial judge in denying the request: First, Houff was not diligent in preparing for the Rule 37 hearing; and second, the testimony of Houff's mother, his wife, and another bystander, all of whom knew nothing about "the technicalities of the law" (Judge Lofton's words) with regard to parole, would have been of no value.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The majority opinion states for the purpose of appeal it may be assumed that appellant's versions of the unreported discussion concerning the length of time he would serve are correct. With this I agree, In fact, I interpret the state's brief to admit the truth of this allegation. I would reach a different result from the ma-

jority because it is quite obvious that the sentencing judge, as much as the appellant, the prosecuting attorney and the defense attorney, all understood appellant would be eligible to be considered for parole upon completion of one third of his sentence. The trial court went to a great deal of trouble in looking up the law and explaining it to the appellant before pronouncing sentence. In my opinion, the court would have considered a lesser sentence if there was any thought that appellant would be required to serve one half of his time before becoming eligible for parole.

In my opinion, this amounts to a critical error in sentencing. It is quite clear that the court had in mind appellant would be required to serve about six years before being considered for parole. Had he known the Department of Correction would cause the appellant to serve ten years before being considered for parole, he would simply have cut the sentence to twelve years. In my opinion, the appellant did not voluntarily, knowingly and intelligently enter a guilty plea to a sentence which would require him to serve ten years. There is no doubt that the court and all parties before it considered the appellant was being sentenced to a term which would cause him to serve about six years before having his eligibility for parole considered. Although I have been unable to find any Arkansas case deciding this particular question, there are literally hundreds of federal cases which I interpret to hold relief should be granted under these circumstances. This amounts to allowing the Department of Correction to determine the length of a sentence to be served rather than the sentencing court.

There is no question in my mind but that the sentencing judge's probable expectations in the imposition of this sentence have been frustrated. His intentions were clearly stated at the time of the sentencing when he told appellant there was no way he could be forced to serve one half of his time under the sentence being imposed. In *Addonizio* v. *United States,* 573 F.2d 147 (3d Cir. 1978), the Court stated:

> "The intent and expectations of the district court judge who sentences . . . are controlling and . . . must be searched out to determine if relief may be ordered . . . in

our judgment, there can be no better evidence of a sentencing judge's expectation or intent that his own statement of those facts . . . ."

Moral and legal principle have been woven together in forming a right of a prisoner to relief upon proof that the sentencing judge's intentions and expectations regarding the prisoner's incarceration have been frustrated by a postsentencing change in criteria governing parole determination. *Addonizio* v. *United States,* supra. See also *United States* v. *Somers,* 552 F.2d 108 (3d Cir. 1977); and *United States* v. *Solly,* 559 F. 2d 230 (3d Cir. 1977).

Since our own statutes in this regard are patterned after the federal statute, I feel our interpretation should be guided, at least to some extent, by the decisions of the federal courts.

It is possible to grant the relief under the circumstances presented, in my opinion. However, if relief cannot be granted in a Rule 37 proceeding, it seems logical that such relief could be granted by way of habeas corpus proceedings against the Department of Correction.