Larry CLARK *v.* STATE of Arkansas

CR 80-234                                               611 S.W. 2d 502
Supreme Court of Arkansas
Opinion delivered February 9, 1981

*James A. Johnson, Jr.*, for appellant.

*Steve Clark*, Atty. Gen., by: *C. R. McNair, III*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Based upon a negotiated plea, appellant pled guilty to eight counts of theft by receiving. Ark. Stat. Ann. § 43-2206 (Repl. 1977). The court sentenced him to ten years on each charge with the sentences to run concurrently and ordered that he serve one-third of his sentence before becoming eligible for parole. However, the sentences in four of the eight charges were suspended. This appeal results from denial of appellant's Rule 37 petition, after an evidentiary hearing, challenging the voluntariness of his negotiated plea.

Appellant alleged in his petition he had discovered after being incarcerated that, due to the provisions of Ark. Stat. Ann. § 43-2829 (B) (3) (Repl. 1977), he would not be eligible for parole until he served one-half of his sentence, since he

had a prior conviction. He further alleged that the trial judge failed to advise him he might be subject to additional or different punishment, as required by Rules of Crim. Pro., Rule 24.4 (d), because of his status as a prior offender. He, therefore, requested his concurrent sentences be modified and reduced so that the time of actual incarceration equals that imposed by the trial judge.

At sentencing the trial court questioned appellant as to the voluntariness of his plea. Appellant stated he understood the charges and the punishment; he was satisfied with the services of his attorney; he knew that he was entitled to a jury trial; his plea of guilty was voluntary because he was in fact guilty; he advised the court of a prior conviction in another state; and, after the court imposed sentence, appellant stated he understood the sentence and had no questions concerning it. As indicated, the court told appellant he would be required to serve one-third of the ten year sentence before becoming eligible to apply for parole.

At the evidentiary hearing on the petition for postconviction relief, the court, in denying the petition, found that the record indicated appellant's plea was entered voluntarily and under proper constitutional safeguards after adequate advice of counsel. We agree. The attorney, a member of the Public Defender's office who represented appellant during his negotiated plea, testified he advised appellant he might have to serve one-half of his sentence before parole eligibility if the Department of Correction found out about his prior felony conviction. He also advised appellant the Department of Correction was not under the control of the court, and even if the trial judge did not apply this provision, there was still the possibility the Department of Correction might treat him as a second offender. Another member of the Public Defender's office, who was present when appellant was so advised, testified to the same effect.

In *Sims* v. *State*, 271 Ark. 142, 607 S.W. 2d 393 (1980), we held that a "substantial, though not technical compliance" with Rule 24.4 is sufficient. "The critical question . . . is whether the plea was voluntary." There we quoted *Irons* v. *State*, 267 Ark. 469, 591 S.W. 2d 650 (1980), that even

a silent record does not require automatic reversal if it be proved at a postconviction evidentiary hearing that the plea was voluntarily and intelligently made. Furthermore, in *Houff* v. *State*, 268 Ark. 19, 593 S.W. 2d 39 (1980), a situation somewhat similar to the present one, we observed that the appellant's remedy was not in a Rule 37 proceeding but in a proceeding against the Department of Correction, noting the defendant there had received what he bargained for.

There is ample evidence that appellant's plea was voluntary and with the knowledge that the provisions of § 43-2829 (B) (3), *supra*, might eventually be applied to him by the Department of Correction. In the circumstances we find no error.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Once again I must respectfully dissent from the majority opinion, and my reasons are essentially those set out in my dissent in *Houff* v. *State*, 268 Ark. 19, 593 S.W. 2d 39 (1980). I cannot understand why an accused who pleads guilty and is told by the court, as in the present case, that he will have to serve one third of his sentence before becoming eligible for parole should be held liable to serve one half of his sentence before becoming eligible. If an accused is not entitled to rely upon the word of the sentencing judge, then he should not be blamed for not relying upon the word of any other official.

The Rules of Crim. Pro., Rule 24.4, requires that the court must inform a defendant of the minimum mandatory jail sentence and that additional punishment is authorized in the event the accused has a previous conviction. This was not done in the present case. Obviously, the court was not of the opinion the appellant would have to serve more than one third of his time or the appellant would have been so advised. It is logical to assume that the court would have reduced the term of the sentence had it realized the appellant would have to serve one half rather than one third of the sentence. In my opinion, this was a critical error in sentencing and is of such

magnitude that it should be corrected upon application of the appellant. Therefore, I would send the case back for resentencing.