Sanders CARTER *v.* STATE of Arkansas

CR 84-25                                         670 S.W.2d 439

Supreme Court of Arkansas
Opinion delivered June 11, 1984

Appellant, *pro se.*

*Steve Clark,* Atty Gen., by: *Alice Ann Burns,* Dep. Atty Gen., for appellee.

P. A. HOLLINGSWORTH, Justice. The appellant, Sanders Carter, pleaded guilty to burglary and criminal attempt to commit rape and was sentenced to two ten-year prison terms, to run concurrently. Seven months after the judgment was entered, the appellant filed a motion seeking post-convic-

tion relief pursuant to Ark. R. Crim. P. 37. After a hearing, the relief was denied. We affirm.

In his petition for post-conviction relief, the appellant argues that his plea was rendered involuntary by the court's failure under Ark. R. Crim. P. 24.4 (d) to inform him of the direct consequences of his guilty plea. Because this is the appellant's second conviction, he is subject to Act 93 of 1977, Ark. Stat. Ann. § 43-2829 (Supp. 1983), which requires a second offender to serve one-half of his sentence before becoming eligible for parole. In contrast, first offenders must serve one-third of their sentences under the parole rules and regulations. The appellant argues that he voluntarily pled guilty based on what the court told him when he entered his plea and that no mention was made to him of the parole requirement for second offenders.

This Court reverses a denial of post-conviction relief only if the lower court's findings are clearly against the preponderance of the evidence. *Williams* v. *State,* 273 Ark. 371, 620 S.W.2d 277 (1981). Here, the trial court's findings are correct.

We have held several times that a question involving parole eligibility is not an attack on the validity of the sentence imposed, but rather is an attack on the execution of the sentence. Such a challenge is not a proper matter to be considered in a petition for post-conviction relief. *Bosnick* v. *State,* 275 Ark. 52, 627 S.W.2d 23 (1982); *Rightmire* v. *State,* 275 Ark. 24, 627 S.W.2d 10 (1982); *Higgins* v. *State,* 270 Ark. 19, 603 S.W.2d 401 (1980); *Houff* v. *State,* 268 Ark. 19, 593 S.W.2d 39 (1980).

In *Clark* v. *State,* 271 Ark. 866, 611 S.W.2d 502 (1981), the petitioner raised the same argument, that Ark. R. Crim. P. 24.4 (d) required the trial judge to advise him that he might be subject to additional or different punishment because of his status as a prior offender. In *Clark,* we stated that substantial compliance with Rule 24.4 is sufficient and that the critical question is whether the plea was voluntary. Here, the petitioner did not designate the portion of his transcript that covered his plea and sentencing, making a

review impossible. We said in *Clark* however, "that even a silent record does not require automatic reversal if it be proved at a post-conviction hearing that the plea was voluntarily and intelligently made." At his evidentiary hearing, the appellant testified that the only reason he was challenging the voluntariness of his plea was because of the court's failure to inform him of parole considerations. When asked by the trial judge if he would still have entered his guilty plea if he had known about his parole status, the appellant replied that he was unable to say whether or not he would have pled guilty if he had known of Act 93 but that "it would have carried considerable weight in making my decision to plead guilty and . . .I would have consulted with my attorney to get a full understanding of Act 93 and what consequences it would have served on my sentence." Because he does not state that he would not have pled guilty had he been so informed by the court, the appellant fails to establish that he has been prejudiced in any way. The only other evidence the appellant offered at his hearing was the testimony of his mother and sister who both stated that the only thing they heard was that the appellant could either "take 10 years or get 40." An accused's justified fear of receiving a higher sentence if he went to trial does not warrant post-conviction relief. *Thomas* v. *State*, 277 Ark. 74, 639 S.W.2d 353 (1982).

In *Rightmire, supra,* an almost identical situation is presented, except there the petitioner stated that he definitely would not have accepted the plea agreement had he known of its effect on his consideration for parole. In *Rightmire,* we held:

> It appears the appellant was satisfied with his sentence until he determined he was going to have to serve a longer period than he anticipated when he entered the guilty plea. There is no requirement that his attorney or the court or anyone else tell him how long he will have to serve on any given sentence. In fact, it would be sheer speculation for an attorney or the court to tell an accused that upon being sentenced to a time certain he would only have to serve a certain percentage of that time. This is a matter that is solely

26

within the control of the Departent of Correction and the courts have nothing to do with the parole system in the ordinary course of events.

Affirmed.