Jerry ATKINS *v.* STATE of Arkansas

CR 85-164                                            701 S.W.2d 109

Supreme Court of Arkansas
Opinion delivered December 16, 1985

*Mark W. Corley*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jerome T. Kearney*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is an appeal from denial of a petition to vacate or modify a ten-year prison sentence for burglary and to vacate a four-year sentence for failure to appear. The appellant pleaded guilty to both offenses. The petition to the trial court was submitted pursuant to Ark. R. Crim. P. 37. The appellant argues ineffective assistance of counsel and that his guilty pleas were not made intelligently or voluntarily. He also contends he was sentenced under the Habitual Criminal Act, Ark. Stat. Ann. §§ 43-2328 through 43-2330 (Repl. 1977), without having entered a plea and with no "determination of guilty." We hold that the plea of guilty to the burglary charge must be set aside, and the appellant must be given an opportunity to plead over. However, we affirm the conviction and sentence with respect to the charge of failure to appear. We thus affirm in part, reverse in part, and remand the case to the circuit court.

The appellant, Jerry Atkins, was charged with burglary. An "affidavit of probable cause" by the Cave Springs chief of police stated Atkins was found at 1:25 a.m. inside a business establishment with a hammer in his hand. The "knob" on the safe in the business establishment had been knocked off. At his arraignment Atkins pleaded not guilty. He later returned before the court with his attorney, Kevin J. Pawlik, and changed his plea to guilty.

At the change of plea hearing, Atkins' attorney in colloquy with the court said his "understanding" was that Atkins would plead guilty to burglary but that sentencing would be delayed forty-five days and then the matter of application of the habitual criminal statute would be considered by the court. The deputy prosecutor said that was his "understanding" as well. The state now concedes there was more to the agreement. The state's brief says that in addition Atkins was to assist the police in a drug

investigation. If his help yielded useful information, the state was to "make a recommendation to the judge for sentencing to prison and to drop the habitual criminal allegation." Atkins contends the state had agreed to recommend a sentence of five years if he succeeded in helping with the drug investigation. He contends he was prevented from helping in the investigation by a combination of factors. First, his bail bondsman improperly had him jailed for a short time without a court order because the bondsman thought Atkins was about to flee. Second, he contends his counsel, Mr. Pawlik, thereafter told him, in effect, to flee and he did so. The latter not only, he says, prevented him from helping in the investigation, but caused him to be charged with and convicted of failure to appear at the end of the agreed upon period between acceptance of his plea and sentencing.

When he did ultimately appear before the court for sentencing, Atkins was no longer represented by Pawlik. He contends the public defender who then was his counsel failed to point out to the court that he should have been allowed to withdraw his guilty plea because of its involuntariness. He also argues the public defender was ineffective because he did not call witnesses who could have substantiated Atkins' testimony that his former attorney had advised him to flee.

### 1. Ineffective Assistance of Counsel

After accepting Atkins' plea of guilty to the charge of burglary, the judge left no doubt that Atkins should appear for sentencing on October 29, 1982. Even if Atkins had proven conclusively that he was advised by his lawyer not to appear, it is our opinion his failure to appear, in violation of Ark. Stat. Ann. § 41-2820 (Repl. 1977), would not have been excused. He is arguing he committed this crime because his lawyer told him to, and thus his conviction should be vacated because his lawyer was ineffective.

If Atkins' lawyer told him to flee, that advice was clearly not a part of the representation of Atkins with respect to the offense of failure to appear. Thus, Atkins cannot be relieved of that conviction even if it is proven Pawlik told him to flee. The public defender thus was not ineffective in failing to put on witnesses to testify that Pawlik told Atkins to flee.

As we are setting aside the guilty plea to burglary on other grounds, we need not address Atkins' allegations of ineffectiveness of counsel as to that charge.

### 2. Involuntariness of Guilty Pleas

When Atkins came before the court to change his plea from not guilty to guilty of burglary, the judge engaged counsel in the colloquy noted above with respect to the agreement. He then addressed Atkins as follows:

THE COURT: You understand, of course, that you have to make your own decision as to whether you enter a plea of guilty to Burglary or not? You can follow Mr. Pawlik's advice or you don't have to, depending on what you feel is in your best interests, but he can defend you in court and he can advise you and you're entitled to accept his advice, but it is still your decision. Do you understand that?

MR. ATKINS: Yes, Sir.

THE COURT: Are you offering a plea of guilty to this charge of your own free will?

MR. ATKINS: Yes, Sir, Your Honor.

THE COURT: And nobody has leaned on you or twisted your arm to get you to plead guilty?

MR. ATKINS: No, Your Honor.

THE COURT: Has anybody promised you whether I would accept the plea or not?

MR. ATKINS: No, Your Honor.

THE COURT: Well, let's see here. I'll set his sentencing for October the 29th. That's more than forty-five days, but that is the nearest date I have got to that.

The questions asked by the court fell short of the requirements of Ark. R. Crim. P. 24.4 which provides:

## Advice by Court

The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally, informing him of and determining that he understands:

(a)  The nature of the charge;

(b)  the mandatory minimum sentence, if any, on the charge;

(c)  the maximum possible sentence on the charge, including that possible from consecutive sentences;

(d)  that if the offense charged is one for which a different or additional punishment is authorized because the defendant has previously been convicted of an offense or offenses one (1) or more times, the previous conviction or convictions may be established after the entry of his plea in the present action, thereby subjecting him to such different or additional punishment; and

(e)  that if he pleads guilty or nolo contendere he waives his right to a trial by jury and the right to be confronted with the witnesses against him, except in capital cases where the death penalty is sought.

The judge asked questions of his own design to ascertain if the plea was voluntary. The rule, however, is designed to see to it that the plea is voluntary after the accused has certain information. Atkins was not personally informed by the court of the nature of the charge or any of the other items the rule requires except that he could have a jury trial. Nor was there any compliance with Ark. R. Crim. P. 24.6 which requires the court to make "such inquiry as will establish that there is a factual basis for the plea."

In *Clark* v. *State*, 271 Ark. 866, 611 S.W.2d 502 (1981), we emphasized the requirement that the court ascertain that the plea was voluntary. We said substantial compliance with Rule 24.4 was sufficient. That opinion contained the following paragraph describing what we considered to have been substantial compliance in that case:

At sentencing the trial court questioned appellant as to the voluntariness of his plea. Appellant stated he understood the charges and the punishment; he was satisfied with the services of his attorney; he knew that he was entitled to a jury trial; his plea of guilty was voluntary because he was in fact guilty; he advised the court of a prior conviction in another state; and, after the court imposed sentence, appellant stated he understood the sentence and had no questions concerning it. As indicated, the court told appellant he would be required to serve one-third of the ten year sentence before becoming eligible to apply for parole.

In *Clark* v. *State, supra*, not only was there a far more detailed inquiry of the accused with respect to the items mentioned in Rule 24.4, but there the court ascertained a factual basis for the guilty plea in accordance with Rule 24.6. No court should accept a plea of guilt without determining whether the accused believes he is guilty and that belief has a substantial factual basis.

Because of this failure to comply with Rules 24.4 and 24.6, we must set aside Atkins' plea of guilty to the burglary charge.

The only argument made as to the involuntariness of the guilty plea to the charge of failure to appear is that Atkins at first indicated uncertainty of the extent to which his attorney had advised him of the matters mentioned in Rule 24.4. The public defender stated in open court substantially all of the information required by the rule, and Atkins ultimately acknowledged he had been advised. While it would have been better had the court personally addressed Atkins on those matters, the record is sufficient to show substantial compliance with the rule at that point.

### 3. The Habitual Criminal Act

Atkins contends his sentence was enhanced under the Habitual Criminal Act despite the fact that he has not been found guilty of violation of the act or had an opportunity to plead guilty or not guilty or otherwise to the "charge" of being an habitual criminal.

The Habitual Criminal Act, Ark. Stat. Ann. §§ 43-2328 through 43-2330 (Repl. 1977), does not define a separate offense as to which a plea must be entered. While the applicability

of the act is "charged" in the sense that the trial court is notified of it in the information filed against the accused, no plea is required. The prosecutor may prove the prior convictions in accordance with § 43-2330, and they may then be considered in sentencing. *See, e.g., Flurry* v. *State*, 248 Ark. 722, 453 S.W.2d 402 (1970).

The "understandings" of both the counsel for Atkins and for the state, noted at the outset of this opinion, had to do with whether the court ultimately would be asked to apply the sentence enhancement provisions of the statute. The lack of clarity of the remarks of counsel in this respect should have alerted the court to the fact that the plea agreement was not being fully described for the record. While we need not hinge our decision upon it, it should be pointed out here that the requirement of Rule 24.5 that "the agreement" be stated is mandatory. *Zoller* v. *State*, 282 Ark. 380, 669 S.W.2d 434 (1984).

The sentence to four years in prison and the conviction of failure to appear is affirmed. The ten-year sentence and conviction of burglary as well as the plea of guilty to burglary are vacated, and the case is remanded so that the court may hear the appellant's plea to the burglary charge in proceedings not inconsistent with the rules of criminal procedure and this opinion.

PURTLE, J., not participating.