Glen Arlis McDANIEL *v.* STATE of Arkansas

CR 85-144                                             708 S.W.2d 613

Supreme Court of Arkansas
Opinion delivered April 28, 1986

*Morgan E. Welch*; and *Kenneth E. Suggs*, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is an appeal from denial of post-conviction relief sought pursuant to Ark. R. Crim. P. 37. The appellant was, upon his plea of guilty, convicted of three counts of aggravated robbery and one count of failure to appear. His post-conviction petition alleged ineffective assistance of counsel and failure of the trial court to follow the provisions of Ark. R. Crim. P. 24.4, 24.5, 24.6, and 24.7 in accepting his guilty plea. We agree the trial court did not comply with Rules 24.4 and 24.6, and therefore we must reverse the refusal of post-conviction relief and order the appellant's conviction set aside. We need not decide the issues presented in the ineffectiveness of counsel argument.

Rules 24.4 and 24.6 are as follows:

## RULE 24.4

### Advice by Court

The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally, informing him of and determining that he understands:

(a) the nature of the charge;

(b) the mandatory minimum sentence, if any, on the charge;

(c) the maximum possible sentence on the charge, including that possible from consecutive sentences;

(d) that if the offense charged is one for which a different or additional punishment is authorized because the defendant has previously been convicted of an offense or offenses one (1) or more times, the previous conviction or convictions may be established after the entry of his plea in the present action, thereby subjecting him to such different

or additional punishment; and

(e) that if he pleads guilty or nolo contendere he waives his right to a trial by jury and the right to be confronted with the witnesses against him, except in capital cases where the death penalty is sought.

## RULE 24.6

### Determining Accuracy of Plea

The court shall not enter a judgment upon a plea of guilty or nolo contendere without making such inquiry as will establish that there is a factual basis for the plea.

At the post-conviction relief hearing the appellant presented as an exhibit a portion of the transcript of his trial depicting the colloquy among the court, the appellant and counsel with respect to his plea. The appellant was represented by Mr. Dickson, and the state by Mr. Bunch. The colloquy began as follows:

THE COURT: Is this on a change of plea? Is that correct?

MR. DICKSON: That is correct, your honor.

THE COURT: As to both cases?

MR. DICKSON: That is correct.

THE COURT: Have you discussed with Mr. McDaniel the nature of the charges? What the State has to prove to convict him of the, the various, the effects of a plea of guilty to these charges and the maximum and minimum penalties available by law?

MR. DICKSON: Yes, sir, indeed, in both cases, your honor.

THE COURT: All right, now Mr. McDaniel, Mr. Dickson can defend you in Court and he can advise you, but when it comes down to the matter of a plea of guilty that is up to you and you alone. Do you understand that?

MR. MCDANIEL: Yes, sir.

THE COURT: Are you offering a plea of guilty to the charge of aggravated robbery — class "A" felony, two

different cases, of your own free will?

MR. MCDANIEL: Yes, sir.

THE COURT: Has anyone leaned on you to get you to plead guilty?

MR. MCDANIEL: No, sir.

THE COURT: Has anyone promised you whether I would accept your pleas or not?

MR. MCDANIEL: No, sir.

THE COURT: All right. Mr. Bunch, do you have an arrangement?

Thereafter, the prosecutor described the plea arrangement and the details of the allegations against the appellant. When asked if he had anything to say, the appellant's counsel discussed with the court obtaining a delay of transfer to the Department of Correction sufficient to allow the appellant time to be married. The court next addressed the appellant as follows:

THE COURT: Now, Mr. McDaniel, did you read this plea recommendation before you signed it?

MR. MCDANIEL: Yes, sir, I did.

THE COURT: Do you have any questions about it?

MR. MCDANIEL: No, sir.

THE COURT: Also, the Defendant's statement? Did you read it?

MR. MCDANIEL: Yes sir.

THE COURT: Did you sign it? Now, that's concurrent with . . . what's the number in Madison County?

MR. BUNCH: You honor that's on the 79-51.

THE COURT: All right. I have noted Mr. McDaniel's plea of guilty on both these cases and sentence him to fifty years in the Department of Corrections on each case, running concurrently, and also concurrently with the sentence in Madison County, CR-79-51. He will be given credit for 111 days jail time, and commitment will issue.

Does that cover it?

MR. DICKSON: I think it does, your honor.

MR. BUNCH: Yes, your honor.

■■ There was obviously no compliance with Rule 24.4, as none of the information required to be conveyed by the court to an accused was conveyed by "addressing the defendant personally." Nor did the court establish a factual basis for the guilty plea. It is not enough that the prosecutor recite into the record the allegations against the accused. The court must ascertain from the accused whether he is pleading guilty because he believes he in fact is guilty. *Atkins* v. *State*, 287 Ark. 445, 701 S.W.2d 109 (1985).

■ We have held, and we continue to hold, that compliance with Rule 24 is mandatory. *Reed* v. *State*, 276 Ark. 318, 635 S.W.2d 472 (1982); *Irons* v. *State*, 267 Ark. 469, 591 S.W.2d 650 (1980). In *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 454 (1977), we held that substantial compliance was sufficient. In that case the prosecutor stated the details of the crimes to the court, but our opinion points out:

> The judge determined, by inquiring of appellant himself, that appellant knew that he was waiving his right to a jury trial, was voluntarily entering a guilty plea to the charges, and was in fact guilty and that he knew that the judge was not bound to accept the terms of the plea bargain.

Here there was no such substantial compliance, as the court did not inquire of the appellant whether he was in fact guilty. An inquiry by the court of the prosecutor whether there is a basis for the *charge* against the accused does not establish that there is a factual basis for the *plea* as required by Rule 24.6. That can only be done by the court asking the defendant if he did the things of which he stands accused and is pleading guilty because he is guilty.

The dissenting opinion focuses on whether the plea was voluntarily entered. It ignores the trial court's failure to give the appellant the information required by Rule 24.4. As we pointed out in *Atkins* v. *State*, *supra*, the rule's purpose is to inform the defendant's ultimate decision to plead guilty. Given the court's

failure to comply with Rule 24.6, our decision need not turn on the question of substantial compliance, or lack of it, with Rule 24.4. However, it cannot hurt to restate our expectations and to emphasize how easy it would be for the court to comply fully with these rules by having them, or a simple checklist derived from them, before him when the plea is discussed.

The decision of the circuit court is reversed, and the case is remanded so that the conviction may be set aside in accordance with Rule 37.4.

PURTLE, J., not participating.

HICKMAN and HAYS, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. Because the trial judge did not technically comply with Rule 24 of the Rules of Criminal Procedure, this guilty plea is set aside. The most important question is not addressed and that is whether the plea was voluntarily entered. In determining whether this rule was complied with, we have always used the standard of substantial compliance, not technical compliance. *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 454 (1977); *Clark* v. *State*, 271 Ark. 866, 611 S.W.2d 502 (1981). In the recent case of *McFarland* v. *State*, 284 Ark. 533, 684 S.W.2d 233 (1985), we refused to void a search because of a violation of the Rules of Criminal Procedure since neither prejudice nor constitutional violations were found.

The United States Supreme Court, on whose decisions the Rules of Criminal Procedure are based, has taken the same approach. In *United States* v. *Timmreck*, 441 U.S. 780 (1979), in which Rule 11 of the Federal Rules of Criminal Procedure was not strictly complied with, the court stated: ". . . Nor can any claim reasonably be made that the error here resulted in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.' As a basis for this reasoning, the Supreme Court quoted from two basic cases. In *Hill* v. *United States*, 368 U.S. 424, it was said:

> The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor

constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent. . .'

In *U.S.* v. *Smith*, 440 F.2d 521, the court said:

> Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas. Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.

McDaniel signed a comprehensive agreement to plead guilty which unquestionably shows to what charge he was pleading guilty, the range of possible sentence, and every detail required except the particular facts concerning these crimes. The prosecuting attorney supplied this information; it did not come from the mouth of the judge. Apparently for that reason alone this guilty plea is set aside. No consideration at all is given to whether the plea was voluntary. At the plea hearing the trial court asked McDaniel if he was entering a plea of guilty of his own free will. He answered yes. At the Rule 37 hearing, McDaniel was asked if he voluntarily entered the plea, and he answered that at that time it was voluntary.

Trial courts and appellate courts are inundated with petitions to set aside guilty pleas and jury verdicts. The most common grounds alleged in such cases are ineffective assistance of counsel and technical violations of the Rules of Criminal Procedure. Rarely is any question raised of the truth of the matter, which is the guilt or innocence of the defendant. It is understandable how two years after the fact, McDaniel forgets that he was forced to face on a given day the judge or the jury to answer for serious and violent criminal behavior. He chose to face the judge. Now he finds all sorts of reasons to set aside his guilty plea and sentence.

The state and the victims will have to salvage what they can. Hopefully the state's case will not be prejudiced by the passage of time; undoubtedly McDaniel will not be prejudiced.

Our role is not to blindly sit in judgment of trial courts and lawyers expecting perfection on form. Our role is to take the world as it is and see that defendants receive fair treatment which means substantial compliance, not perfect compliance, with the rules of procedure. The majority, in its zeal, has ignored the most important question which is: was the plea voluntary and was the defendant the victim of unfair procedures? I would affirm the trial judge's findings.

HAYS, J., joins.