Myron W. GARMON *v.* STATE of Arkansas

CR 86-32                                    719 S.W.2d 699

Supreme Court of Arkansas
Opinion delivered November 24, 1986

*James H. Phillips*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Myron W. Garmon appeals from the trial court's refusal to grant a hearing on his petition for post conviction relief under A.R.Cr.P. Rule 37. As the result of negotiations between his counsel and the prosecuting attorney, Garmon pleaded guilty to four counts of kidnapping, four counts of aggravated assault and one count of rape. Judgments were entered on November 30, 1982 imposing sentences of thirty years, to run concurrently.

Garmon's Rule 37 petition alleged some of the sentences were excessive, that his guilty plea was involuntary and that his counsel was ineffective. The trial court found the sentences for the aggravated assaults were excessive and corrected the judgments accordingly. The court also found that on the basis of the record, Garmon was not entitled to any further relief.

Garmon brings this appeal arguing he was entitled to a hearing on his petition. A petitioner is not entitled to a hearing for post conviction relief under A.R.Cr.P. Rule 37 if the petition and the files and records of the case conclusively show the prisoner is entitled to no relief, *Morrison* v. *State*, 288 Ark. 636, 707 S.W.2d 323 (1986).

Garmon contends the record is incomplete on two points. First, he claims his guilty plea was involuntary because the court failed to follow the requirements regarding the receipt of a guilty plea. He specifically alleges he was not fully informed of the nature of the charges and all facts and circumstances set forth in the information. In *McDaniel* v. *State*, 288 Ark. 629, 708 S.W.2d 613 (1986), we stated that to determine the accuracy of the plea in satisfaction of Rule 24.6, the court must ask the defendant if he did the things of which he stands accused and if he is pleading guilty because he is guilty. We have said the information required by Rule 24.4 must be given. *Atkins* v. *State*, 287 Ark. 445, 701 S.W.2d 109 (1985). We find full compliance with the law in this case.

The record shows the trial court addressed Garmon directly and carefully went through all the steps specified in Rules 24.4, 24.5 and 24.6, asking him about each item. The court stated the charges and the factual circumstances surrounding each count. Garmon acknowledged his guilty plea was consistent with the facts as he knew them regarding the assault and kidnapping charges. He declared his guilt on each charge.

The second point Garmon claims is ineffective assistance of counsel. He contends his counsel misinformed him on four aspects of his incarceration. The first had to do with the felony classification of kidnapping. Counsel wrote Garmon and told him "kidnapping in your case was a Class A felony." The crime was in fact a Class Y felony which carries a longer sentence. Even so, Garmon was not prejudiced by the error, as only the risk of a greater sentence could have influenced the acceptance of the plea bargain. The risk of a long term of imprisonment creates the incentive to negotiate a plea. An accused is under less pressure to plead guilty where a trial and conviction will result in a short sentence. Garmon was erroneously told his crime carried a shorter sentence than it actually did.

■ The next three points are more than conclusory allegations which we discuss after detailing the particular claims. In the same letter, Garmon's attorney told him the "normal parole eligibility was one-sixth of the sentence." In fact, one convicted of a Class Y felony must serve one-half of the sentence. However, erroneous advice concerning parole eligibility does not automatically render a guilty plea involuntary. *Haywood* v. *State*, 288 Ark. 266, 704 S.W.2d 168 (1986).

■ Garmon also claims his attorney told him the aggravated assault charges carried a maximum term of forty years when the correct term is only six years. While the record does not contain evidence of this allegation, there is evidence he was given conflicting information as to the sentence which was never resolved by his attorney. At the plea hearing, the court stated the charge was a Class B felony carrying a term of five to twenty years. Later, Garmon signed a plea statement which correctly classified the charge as carrying a term of zero to six years. He then received concurrent sentences of thirty years on all counts, exactly the sentence he bargained for. While the excessive sentences were corrected by the trial court, the analysis must focus on the effectiveness of defense counsel at the time the pleas were made.

As his last point, Garmon claims he was not told if a victim is released under the conditions set out in § 41-1702(2), there is the possibility of a reduction of the kidnapping charge from a Class Y to a Class B felony. In the same letter mentioned above, the attorney commented on this claim and stated that of the four victims kidnapped, three were not released under the conditions that would allow the reduction to apply, though one of them was released voluntarily.

■ We have stated the primary objective of a review of allegations of ineffective assistance of counsel is not to grade counsel's performance, but to determine whether actual prejudice occurred. *Isom* v. *State*, 284 Ark. 426, 682 S.W.2d 755 (1985). In the context of a review of a Rule 37 petition where relief was denied without a hearing, a claim of prejudice must be supported by the allegation that had he been correctly informed, a petitioner would have pleaded not guilty. *Hill* v. *Lockhart*, ___ U.S. ___, 106 S.Ct. 3656 (1985), *Haywood* v. *State, supra* and

*Carter* v. *State*, 283 Ark. 23, 670 S.W.2d 439 (1984). Mere recitation of such an allegation, however, is not sufficient. Additionally, a petitioner must show a *reasonable probability* that but for counsel's errors, he would not have pleaded guilty. *Hill* v. *Lockhart, supra.* Moreover, the prediction of the outcome had the error not occurred will be made objectively and without regard to the idiosyncrasies of a particular individual. Garmon has made no such showing. We note in any case that the alleged errors of Garmon's counsel are of no consequence. Under the proposed thirty year plea agreement Garmon would in fact become eligible for parole in fifteen years, rather than in five years as he was told. It also appears that he may have been misinformed about the potential of the sentence he was facing. However, while he claims he originally understood he faced five life terms and 360 years, it is clear that had he been correctly informed, he would still be facing four life terms plus 260 years. In either case, the sentence was lengthy, to say the least.

From an objective standard we reject the premise that he would have turned down this plea agreement but for the advice that his "normal parole eligibility" would be one-sixth of the term rather than one-half. The evident fact is that in either case the plea bargain was clearly in his interest and his plea was not rendered involuntary because of the misinformation. *Hill* v. *Lockhart, supra.*

The record establishes conclusively that Garmon was not entitled to relief and therefore the order is affirmed.