**Myron W. GARMON, Appellee,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellant.**

**No. 90–2277EA.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1991.

Decided July 8, 1991.

J. Brent Standridge, Little Rock, Ark., argued for appellant.

James H. Phillips, Little Rock, Ark., argued for appellee. Craig Lambert, Little Rock, Ark., appeared on appellee's brief.

Before FAGG, Circuit Judge, SNEED,* Senior Circuit Judge, and LOKEN, Circuit Judge.

FAGG, Circuit Judge.

Myron W. Garmon, an Arkansas prisoner, was sentenced to thirty years imprisonment after pleading guilty to kidnapping, aggravated assault, and rape. Garmon now seeks habeas corpus relief under 28 U.S.C. § 2254 contending he received ineffective assistance of counsel. The district court ordered the state to grant Garmon a trial or release him. We affirm.

In his state postconviction petition, Garmon claimed he received ineffective assistance of counsel because counsel mistakenly told him he would have to serve only one-sixth of his plea bargain sentence. The state trial court denied Garmon's petition without an evidentiary hearing, and the Arkansas Supreme Court affirmed. *See Garmon v. State,* 719 S.W.2d 699 (Ark. 1986). Notwithstanding the lack of an evidentiary record detailing Garmon's reasons for pleading guilty, and despite the fact Garmon would become eligible for parole in

---

* The HONORABLE JOSEPH T. SNEED, Senior United States Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

fifteen years rather than five years as counsel advised, *id.* at 701, the Arkansas Supreme Court "reject[ed] the premise that [Garmon] would have turned down [the] plea agreement but for [counsel's advice]." *Id.* Concluding that Garmon suffered no prejudice from counsel's erroneous advice, the court held "the plea bargain was clearly in [Garmon's] interest and his plea was not rendered involuntary because of the misinformation." *Id.*

After Garmon filed this section 2254 proceeding, the district court held an evidentiary hearing to examine the basis for Garmon's guilty plea. The state argued the threat of a significantly longer prison term than provided for in the plea bargain was the incentive for Garmon's guilty plea. Garmon, however, testified that he pleaded guilty because he thought he would be paroled in five years, which would allow him "to get out [of prison] and be a father to [his infant son]." Garmon further testified he would have gone to trial and risked a longer prison term, perhaps life imprisonment, had he received correct parole eligibility information. The attorney who represented Garmon during the plea process testified Garmon accepted the plea bargain because he wanted to get out of prison before his son was "a grown man." The attorney acknowledged his advice concerning parole eligibility played a "large part" in Garmon's decision to plead guilty. Based on this evidence, which was not before the Arkansas courts, the district court found Garmon would not have pleaded guilty had he received correct advice.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. In section 2254 appeals we defer to state court findings of fact and review district court findings under the clearly erroneous

standard; however, "both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact" subject to de novo review. *Id.* at 698, 104 S.Ct. at 2070.

■ The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). The performance prong of the *Strickland* test remains the same. *Id.* at 58–59, 106 S.Ct. at 370–71. To establish prejudice in the context of the plea process the defendant must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370. Following the Supreme Court's lead, we have held "erroneous advice concerning parole eligibility may constitute ineffective assistance of counsel ... [if] petitioner pleaded guilty as a direct consequence of his counsel's erroneous advice and ... but for this advice, the outcome of the plea process would have been different." *Hale v. Lockhart,* 903 F.2d 545, 548–49 (8th Cir.1990) (citing *Hill v. Lockhart,* 894 F.2d 1009, 1010 (8th Cir) (en banc), *cert. denied,* —— U.S. ——, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990)).

■ Applying these principles to Garmon's case, we conclude the district court properly deferred to the state court's finding that Garmon received erroneous parole advice and correctly determined counsel's performance was not professionally reasonable. Minimal research would have alerted counsel to the correct parole eligibility date. The district court also credited the testimony of Garmon and his attorney explaining the importance of the parole eligibility date and found Garmon would not have pleaded guilty if he had been given correct advice. We cannot say this finding is clearly erroneous. *See Hale,* 903 F.2d at 549.

We recognize that "not every instance of a lawyer's failure to inform a client accurately of parole eligibility will reach the level of a constitutional violation." *Hill,*

**122**

894 F.2d at 1010; *see also Hale*, 903 F.2d at 549. Nevertheless, we agree with the district court that in this case Garmon impressed on his trial counsel the importance of parole eligibility to his decision to plead guilty, and Garmon would have pleaded not guilty and insisted on going to trial but for counsel's erroneous advice. *See Hill*, 474 U.S. at 59, 106 S.Ct. at 370–71; *Hill*, 894 F.2d at 1010. Thus, the district court correctly held Garmon was prejudiced because counsel's erroneous advice affected the outcome of the plea process.

Accordingly, we affirm the district court's order requiring the state to either grant Garmon a new trial or release him.