Howard W. JONES, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 92–2099.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 25, 1992.

Decided Oct. 13, 1992.

Order on Denial of Rehearing Nov. 23, 1992.

---

Greg Robinson, Pine Bluff, Ark., argued, for appellant.

T. Jeff Vining, Little Rock, Ark., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

Howard W. Jones pleaded guilty in 1979 to two counts of aggravated robbery and one count of theft of property. He was given 50–year terms for the aggravated-robbery convictions and a 20–year term for theft of property. We now have before us what is, in effect, Jones's third petition for federal habeas corpus. The District Court[1] denied relief on the ground of procedural bar, and we affirm.

We recount those parts of the procedural history of the case necessary to understand the issue presented on this appeal. In 1988, this Court affirmed the District Court's denial of Jones's first petition for habeas corpus. *Jones v. Lockhart*, 851 F.2d 1115 (8th Cir.1988) (per curiam). The affirmance, however, was without prejudice to Jones's right to file a second petition raising new issues. Jones did file a second petition, asserting two new claims. The District Court dismissed, and we again affirmed. *Jones v. Lockhart*, 940 F.2d 378 (8th Cir.1991). In the second appeal, Jones attempted to assert another new issue. He argued that his trial counsel in the state court was ineffective in having given incorrect advice on Jones's parole eligibility. Jones claims his lawyer told him he would be eligible for parole after serving only six or seven years. (The lawyer, incidentally, denies this.) In fact, because of Jones's four prior felony convictions, the State maintains that he is completely ineligible

for parole. If counsel had correctly advised him, Jones says, he would have pleaded not guilty and gone to trial.

At the time of the second appeal to this Court, Jones admitted that the issue of ineffectiveness of counsel in connection with his plea of guilty was being raised for the first time, but argued that the claim was so novel that it should not be procedurally barred, either on account of not having been raised in the state courts, or on account of not having been raised in a previous federal habeas petition. In response to this attempt to raise a new issue, we said:

> In light of the foregoing, we find that there is a possibility that the novelty of the misadvice claim might preclude Jones' claim from being procedurally barred. The existence of this action gives some indication of the likelihood that Jones will file a subsequent writ. To avoid any waste of time, expense, or judicial resources which would result from requiring Jones to file a completely new petition, Jones should be allowed to amend his petition so as to add this claim and resubmit the petition to the district court. *See Warden v. Caspari*, slip op. at 3, 923 F.2d 857 (table) (8th Cir. Dec. 3, 1990) (per curiam). Although we remand to allow amendment to the petition, we do so without any comment on the merits of the remanded issue. The district court should perform any procedures it deems advisable in disposing of this amended claim.

940 F.2d at 380.

■ On remand, the District Court proceeded to address the State's argument that Jones's new claim was procedurally barred. Except for cases of actual innocence—which Jones does not assert—a habeas petitioner, in order to overcome a procedural bar, must show both "cause" and "prejudice." One instance in which "cause" has been found is where a constitutional claim is so novel that its legal basis was not reasonably available to counsel.

1. The Hon. Henry Woods, United States District Judge for the Eastern District of Arkansas, acting on the recommendation of the Hon. H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

See *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984).

Jones argues that it was not until 1990 that this Court explicitly held that incorrect advice as to parole eligibility, given in connection with a plea of guilty, could be ineffective assistance of counsel under the Sixth Amendment (as made applicable to the states by the Fourteenth), so as to justify setting aside the guilty plea and allowing a defendant to plead anew and go to trial. See *Hill v. Lockhart*, 894 F.2d 1009, 1010 (8th Cir.) (en banc), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990). It was after *Hill* came down that Jones's counsel, at the time of the second appeal to this Court, first sought to raise the claim of misadvice before the guilty plea.

 Is this claim "novel"? We think not. The principle that a defendant in a felony case in a state court is entitled not only to the appointment of counsel, but to the effective assistance of counsel, is of long standing. The principle is general in scope and effect. It applies to counsel's behavior at all critical stages of the case, and certainly no one can say that the entry of a plea is not a critical stage. There is nothing special about the plea stage of a case, or about advice as to parole eligibility, clearly a relevant factor in deciding how to plead, that would distinguish advice given by counsel at this stage from advice given by counsel, or strategies pursued by them, at other stages of the case. In short, Jones's lawyers could have made this argument at any time. The truth appears to be that they did not do so earlier simply because the argument did not occur to them until this Court's opinion in *Hill* was published. Such a circumstance, as to a legal argument that was always available and well grounded in principle, does not amount to "cause." It is simply the kind of omission that ordinarily fallible, though competent, attorneys sometimes make. We hold that the claim Jones now seeks to raise is not "so novel that its legal basis [was] ... not reasonably available to counsel...." *Reed v. Ross*, 468 U.S. at 16, 104 S.Ct. at 2910.

In fact, some lawyers were making this very argument at about the time of Jones's plea. See *Houff v. Arkansas*, 268 Ark. 19, 593 S.W.2d 39 (1980). In *Houff*, the argument, made in a state postconviction proceeding, was not accepted by the Supreme Court, but not on the ground that misadvice of counsel with respect to parole eligibility, followed by a plea of guilty relying on the misadvice, could not, as a matter of law, amount to ineffective assistance of counsel under the federal Constitution. The ground of the Supreme Court's decision, instead, was simply that the trial court had found as a fact that the defendant and his lawyers did not take the question of parole eligibility into consideration at the time of the plea of guilty. See 268 Ark. at 21–22, 593 S.W.2d at 40–41.

Petitioner has not succeeded in demonstrating cause for his procedural default. There is therefore no need for us to consider the question of prejudice, or whether the rule of law petitioner seeks would be a "new rule" within the meaning of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and thus incapable of retroactive application.

The judgment of the District Court, dismissing with prejudice petitioner's request for federal habeas relief, is

Affirmed.

## ORDER

We have before us a petition for rehearing by Howard W. Jones of our decision affirming the District Court's denial of his third habeas corpus petition. We denied the writ because the issue was procedurally barred.

He now claims that the issue was not procedurally barred because it was raised on the appeal to this Court of the denial of his first habeas petition. This is completely inconsistent with his argument to us and the District Court admitting that he first raised the issue on the appeal of his second habeas petition, but claiming that it was novel and therefore not barred. If what he is now saying is true, he should have brought it to our attention after our deci-

sion on the appeal of his second petition, where we stated, "Jones admits that this issue is raised for the first time in this appeal." *Jones v. Lockhart,* 940 F.2d 378, 380 (8th Cir.1991). He did not, and it is too late to do so now.

Moreover, petitioner does not argue, and there is no evidence to suggest, that the issue was ever raised in the state post-conviction proceeding. Therefore, even if we overlook the late hour and assume the truth of his allegation, the issue is still barred by procedural default.

We deny Jones's petition for rehearing and the petition for rehearing by counsel.